**In re Lotus Florence DUNCAN, Debtor.**

**Bankruptcy No. 580–103.**

United States Bankruptcy Court,
N. D. Ohio.

Dec. 18, 1980.

Guy E. Tweed, Xenia, Ohio, for debtor.

Kathryn Belfance, Akron, Ohio, Trustee.

Lotus Florence Duncan, pro se debtor.

---

2. The proposed payment is $200 per month.

3. *See In re Avis*, 3 B.R. 205, 207 (Bkrtcy.S.D. Ohio 1980).

H. F. WHITE, Bankruptcy Judge.

On November 13, 1980 a motion was filed by the debtor requesting that the Trustee disburse to her the sum of $649.90, being part of her 1979 income tax refund. The debtor claimed the property exempt under § 2329.66(A)(4)(a) and (17) of the Ohio Revised Code.

The Court finds that the original petition in bankruptcy was filed on January 28, 1980 and the debtor did not claim said property exempt. The First Meeting of Creditors was held on February 26, 1980 and the bankrupt was granted a discharge on May 6, 1980. On June 3, 1980 the Trustee filed her final report of administration and indicated that she had received the sum of $649.90 which represented the amount of the debtor's 1979 income tax refund check. On June 25, 1980 a notice was given to all creditors to file proofs of claims as there would be assets available in the estate for distribution to general creditors. This notice was mailed to all creditors and to the debtor and her attorney. On October 21, 1980 notice was given to all creditors of the final meeting of creditors and of the application of the trustee for compensation.

On November 13, 1980, the debtor filed her Amended Schedule B–4 claiming the income tax refund in question as exempt. The amended exemption was opposed by the trustee at the final meeting of creditors.

The issue is whether the debtor is entitled to receive from the trustee the sum of $649.90, which represents the amount of debtor's 1979 income tax refund check and which was claimed exempt by the debtor on an amended schedule of property claimed exempt filed on November 13, 1980.

This Court finds that the debtor's motion requesting that the trustee be directed to disburse to the debtor the sum of $649.90, representing the amount of debtor's 1979 income tax refund, should be overruled as the debtor failed to make her amendment to her schedule of property claimed exempt within a reasonable time, while the property of her estate was still being administered by the trustee.

The trustee of the debtor's estate filed her final report setting forth the debtor's income tax refund of $649.90 as an asset of debtor's estate on June 3, 1980. The debtor took no exception to the trustee's final report until November 13, 1980, after the notice of final meeting had been served.

In discussing the debtor's assertion of a claim for exemption, Collier states that: "An initial failure of the debtor to claim the exemption may be corrected by a seasonable amendment . . . The amendment should be seasonably made, while the property is still being administered by the trustee, unaffected by adverse rights." 3 Collier on Bankruptcy, Para. 522.26, p. 522–64 (15th ed. 1979).

In the case of In re Maxwell, 5 B.R. 58, 6 B.C.D. 1121 (N.D.Ga.1980) the court allowed the debtor's amended claim for exemption of tax refund over the trustee's objection. The court found that the amendment was made prior to the granting of the debtor's discharge, that the trustee was still administering the estate, and that there had been no showing that adverse rights had intervened.

In the instant case, the debtor had received her discharge prior to the filing of the amended schedule of exemptions, the trustee had filed her final report of administration and was no longer administering property of the debtor's estate, and creditors who filed proof of claims in response to the notice that there would be assets in the estate available for distribution to general creditors would be adversely affected.

Therefore, the Court finds that the motion as filed should be overruled.