**In re Glenna Gay Beeler HURLES,
Debtor.**

**Bankruptcy No. 2–82–00044.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Feb. 28, 1983.

**180**

Stephen K. Yoder, Columbus, Ohio, trustee.

Glenna Gay Beeler Hurles, Chillicothe, Ohio, Benjamin L. Clark, Chillicothe, Ohio, for debtor.

### ORDER ON THE TRUSTEE'S OBJECTION TO AMENDED CLAIM OF EXEMPTION OF INCOME TAX REFUND

GRADY L. PETTIGREW, Bankruptcy Judge.

Now comes the Court to rule on the trustee's objection to the debtor's Amended Claim of Exemption of an income tax refund. Because the objection focuses on an income tax refund and an earned income credit, the trustee's objection as to the income tax refund will be SUSTAINED, the objection as to the earned income credit will be OVERRULED.

The within bankruptcy case was commenced on January 6, 1982 by the debtor who has the responsibility for two minor dependent children. The meeting of creditors was held January 22, 1982. On February 9, 1982 the debtor's income tax return and a refund of withheld income tax was determined to be due. In the original schedule of claimed exemptions, the debtor did not include a claim for any income tax refund. The schedule of claimed exemptions was amended on March 12, 1982 to include an automobile. The schedule of exemptions was subsequently amended on May 14, 1982 to include a federal income tax refund which had not been previously claimed in the original filing or the subsequent amendment in March.

Based on this Court's prior rulings in connection with the amendment to claims of exemptions and whether those amendments took place within a reasonable time, the Court will follow the rationale in *In re Hall,* Case Number 2–81–00309, a copy of which is appended hereto, finding that the debtor has a "reasonable time" within which to amend a claim of exemption. In this case the meeting of creditors took place on January 22, and the amendment was made in May. That period of time the Court determines not to be a reasonable time.

There remains for determination the question of the earned income credit which the debtor received pursuant to 26 U.S.C. § 43. Such a credit has been determined to be an entitlement program designed to benefit only working low income taxpayers with dependent children. *In re Searles* 445 F.Supp. 749 (D.Conn.1978). Therefore, while the earned income tax credit is given effect through the income tax return and contemplates a payment of funds belonging to the United States government, it is not an income tax refund because it does not represent a return of funds withheld from the debtor's wages. Therefore, pursuant to 11 U.S.C. § 541 it is not property of the estate over which the trustee may make a claim.

Wherefore, for reasons stated herein, the trustee shall receive the sum of $387.00 representing the debtor's income tax refund

for the year 1981 and the debtor shall receive the sum of $218.00 representing the earned income credit paid to her on behalf of herself and her two minor children.

IT IS SO ORDERED.

APPENDIX

In re                          :

Marshall G. Hall          :          No. 2–81–00309
Constance L. Hall
                              :
        Debtors

### ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' AMENDED CLAIMS OF EXEMPT PROPERTY

This matter is before the Court on the objection filed by the trustee in bankruptcy ("trustee") to the debtors' amended claim of exempt property. The exemption is claimed for certain real estate located at 4537 Cardon Lane, Centerburg, Ohio, and the objection is asserted on the grounds that the amendment was not filed within a reasonable time. The matter was set for hearing and was submitted to the Court for decision based upon undisputed facts and the legal issues involved.

Marshall and Constance Hall filed their joint Chapter 7 petition on January 27, 1981. Schedule B–1, which accompanied the petition, listed the ownership of certain real estate located at 4537 Cardon Lane, Centerburg, Ohio, with a fair market value of $55,000.00. The real estate is apparently encumbered by two mortgages totaling approximately $47,000.00. Schedule B–4, filed by the debtors at that same time, claimed various assets as exempt, but failed to claim any exemption in the residential real estate. The § 341 meeting was held on February 17, 1981, and the interim trustee, previously appointed by this Court, became the trustee in bankruptcy for the debtors upon the failure of the creditors to displace him. On April 1, 1981, certain amendments were made by the debtors, including an amendment to Schedule A–3 to list additional creditors previously omitted, and an amendment to Schedule B–4 to assert a $10,000.00

exemption in the residential real estate under the provisions of § 2329.66 of the Ohio Revised Code. There is no dispute that this claimed exemption, if properly and timely made, would be available to these debtors (up to $10,000.00) to the extent that there is equity in the residential real estate over and above valid liens and encumbrances. The trustee objected to the amended exemption as not being filed within a reasonable time, and the debtors responded thereto by asserting that the original omission of the exemption claimed for equity in the residential real estate was simply an oversight and that the amendment was, in fact, made within a reasonable time. A discharge was issued to these debtors by this Court on May 18, 1981.

The issue of the timeliness of an amendment to the debtors' exemption claims has been the subject of divergent judicial viewpoints. The most restrictive interpretation appears to be that the exemption must be claimed or amended within fifteen (15) days of a trustee's qualification, or the § 341 meeting of creditors, and after that period of time, the exemptions are final and no amendments can be made. See *In re Lowitz*, 3 B.R. 150 (Bkrtcy.N.D.Cal.1980) and *In re Price*, No. 2–80–00042 (S.D.Ohio, 7/11/80) (Kelleher, B.J.) (unreported—copy attached). The rationale behind this viewpoint is that the rights of a trustee, as the representative of creditors, have intervened and since, under the provisions of Rule 403 of the Rules of Bankruptcy Procedure, as applied to cases initiated under the Bankruptcy Reform Act of 1978, a trustee has only fifteen (15) days within which to object to the claim of exemptions, the debtor should have only a similar period to amend exemption claims. Reasonable time, under this rationale, is fifteen (15) days from the meeting of creditors. This approach, which appears to have been adopted by a majority of courts to date, has the virtues of certainty and finality.

A second line of cases has found that amendments to the exemption claim must be made before the discharge is granted and while the trustee is still administering

the estate, and with a showing that no adverse rights have intervened. See *In re Maxwell,* 5 B.R. 58 (Bkrtcy.N.D.Ga.1980) and *In re Duncan,* 7 B.R. 484 (Bkrtcy.N.D. Ohio 1980). Changes in exemptions should not be permitted after exemptions have been determined and a party in interest has sought affirmative relief based upon that determination. *Central Kansas Credit Union v. Lyon (In re Lyon),* 6 B.C.D. 343 (D.Kan.1980). Closely associated with this viewpoint is the additional rationale that where a debtor subsequently discovers an asset unknown at the time of the filing of the petition he has a "reasonable time" to amend his exemption claim with respect to that asset. See *In re Howard,* No. 2–80–00336 (S.D.Ohio, 10/28/80) (Pettigrew, B.J.) (unreported—copy attached) and *In re Walters,* No. 2–80–00895 (S.D.Ohio, 11/7/80) (Pettigrew, B.J.) (unreported—copy attached).

A third rationale, and the most liberal from the debtor's viewpoint with respect to the allowance of an amendment to the debtor's exemption claims, is that even if the trustee is a third party whose rights have been injured by the assertion of an untimely exemption claim, the equities must be balanced. If the trustee's loss is small compared to the debtor's loss by denial of the exemption, then, where excusable neglect has been shown by the debtor, allowance of the amended exemption is granted, conditioned upon the payment to the trustee, from sources other than the exempt property, of any out-of-pocket expenses incurred in relation to the administration of the property subsequently determined to be exempt. See *In the Matter of Boyer,* 7 B.R. 930 (Bkrtcy.D.Idaho 1981).

The underlying problem on this issue seems to be a conflict between the provisions of Rule 403 of the Rules of Bankruptcy Procedure and Rule 110 of the Rules of Bankruptcy Procedure. Rule 110 permits amendments to the debtor's schedules *at any time* until the case is closed. The Advisory Committee's Note to Rule 110 appears to support the view that if additional property is claimed as exempt by an amendment under the Rule, the trustee must act on that additional exemption claim in accordance with Rule 403—that is, he must determine whether or not the exemption is properly claimed and object to it if it is not. There appears to be no time bar to the filing of an amended exemption claim under the provisions of Rule 110 of the Rules of Bankruptcy Procedure. However, Rule 403 of the Rules of Bankruptcy Procedure, as applied to cases commenced under the Bankruptcy Reform Act of 1978, can be read to impose a fifteen (15) day period subsequent to trustee qualification (this is read as the date of the meeting of creditors under the provisions of § 341 of the Bankruptcy Code) within which to resolve all exemption claims. Certainly the early determination of exemption claims is beneficial from the viewpoint of the trustee—it allows the trustee to determine whether property of the estate needs to be administered for the benefit of creditors. That early determination also is fair when considering the provisions of § 326 of the Bankruptcy Code, governing the trustee's compensation, which may work unfairly if late amendments to exemption claims deprive the trustee of the benefit of his work recovering an asset which is later claimed as exempt. See *In re Selman,* 7 B.R. 889 (Bkrtcy.D.N.M.1980); *In re Duggan,* 4 B.R. 709 (Bkrtcy.N.D.Tex.1980); and *In the Matter of Houck,* 9 B.R. 460, 7 B.C.D. 486 (Bkrtcy.E.D.Mich.1981). There is also some justification for imposing a stricter burden upon the debtor and his counsel in regards to the claiming of exemptions. The bankruptcy process is initiated by a debtor to remedy a severe financial crisis. It is an extraordinary remedy which has a substantial effect upon the creditors of that debtor. In light of the gravity of the matter, it does not appear unfair to require the debtor, and his counsel, to prepare and file complete and accurate papers with the Court which fully disclose all aspects of his fiscal plight and clearly set forth those assets which he may propose to retain as exempt in order to secure the "fresh start" promised by the bankruptcy remedy. While there is an historical pattern of judicial leniency in regard

to the allowance of exemption claims (see *In re Maxwell, supra,* 5 B.R. at 59), there must rightfully be some finality, some bar date, with respect to the claiming of exemptions. This matter is entirely within the control of the debtor and there need be no unfairness or injustice if exemption claims are made properly in the first instance.

In the present case there has been no justifiable excuse advanced as to the failure of the debtors to properly and timely claim their exemption in their residential real estate. More than 15 days subsequent to the § 341 meeting of creditors, the date when some finality attached to the exemption claims of the debtors, the amendment to assert the exemption claim in residential real estate was made. The Court finds that this amendment, made with respect to a known asset at the time of filing, was not made within a reasonable time. The rights of the trustee, as representative of the creditors of these debtors, had intervened and matured. This Court will not permit a divesting of those rights on the meager premise of "I forgot".

Based upon the foregoing discussion, the Court hereby determines that the trustee's objection to the debtors' amended claims of exemption is meritorious and it is hereby sustained. The debtors' amended exemption claim in their residential real estate is hereby disallowed.

IT IS SO ORDERED.

/s/ R.J. Sidman
R.J. SIDMAN
Bankruptcy Judge

Dated at Columbus, Ohio

July 15, 1981

Copies to:

William B. Logan, Jr., Esq.

Trustee

50 West Broad Street

Columbus, Ohio 43215

J. David Harris, Esq.

2950 East Broad Street

Columbus, Ohio 43209

Attorney for Debtors

7/15/81 mh

## SUBAPPENDIX 1

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN THE MATTER OF:

THOMAS OSCAR PRICE and     CASE NO. 2–80–00042
PATRICIA ANN PRICE,

Debtors.

## ORDER DENYING APPLICATION TO AMEND SCHEDULE B–4

This matter came on to be considered on the Application of the debtors to amend their Schedule B–4 and on the Memorandum Contra Application filed by the Trustee, and upon arguments of counsel presented at a hearing on September 2, 1980, whereupon the Court finds that the petition was filed herein January 8, 1980; that the 341 Meeting of Creditors under 11 U.S.C. § 341 was held on February 5, 1980; that on February 26, 1980, the trustee obtained an order of this Court directing the debtors to file their appropriate city, state and federal income tax returns, to deliver copies thereto to the trustee, and to endorse and deliver any refund checks to the trustee; that such Order became final ten days thereafter; that the debtors completed their income tax returns on March 13, 1980; and that the debtors filed their application to amend Schedule B–4 on April 7, 1980, in which they sought for the first time to claim their income tax refunds as exempt. Based on the foregoing facts, the Court finds that the application of the debtors was not filed within a reasonable time after the meeting of creditors was held under 11 U.S.C. § 341 and therefore should be denied.

NOW THEREFORE IT IS ORDERED that the application of the debtors to amend schedule B–4 be and the same hereby is denied and that the trustee shall proceed to administer the income tax refunds pursuant to the prior order of this court.

Dated: Sept. 11, 1980

/s/ D.J. Kelleher

D.J. Kelleher
United States Bankruptcy Judge

APPROVED:

/s/ Thomas C. Scott

THOMAS C. Scott

Attorney for the Estate

Scott, Walker & Kuehnle

50 West Broad Street

Columbus, OH 43215

/s/ Beck

JOHN R. BECK

Attorney for debtors

1441 South Main Street

P.O. Box 236

Bellefontaine, OH 43311

## SUBAPPENDIX 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re  :
Patricia A. Howard  :  No. 2–80–00336
  Debtor  :

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S AMENDMENT TO SCHEDULE OF PROPERTY CLAIMED AS EXEMPT

Now comes the Court to overrule the trustee's objection to debtor's amendment to claim an exemption of an income tax refund.

This case was filed on February 1, 1980, and showed no income tax refund to which the debtor may be entitled. The refund was disclosed by the Internal Revenue Service mailing the refund check to the trustee in bankruptcy. Within 10 days after the debtor was notified that the trustee had a tax refund, the debtor amended her Statement of Affairs, Schedule of Personal Property and Schedule of Exemptions Claimed. The trustee argues that it is unreasonable to allow the debtor to amend on August 12, 1980, based on a filing date of February 1, 1980. However, the evidence establishes that within 10 days of discovery of the tax refund, the debtor moved to amend and

claim the exemption. The debtor's actions are consistent with the provisions of Rule 110 of the Rules of Bankruptcy Procedure. The Rules provide for amendment within a reasonable time, and it is the finding of this Court that the debtor acted within a reasonable time.

WHEREFORE, the trustee's objection to debtor's claim of exemption on the basis that it was not filed timely is overruled.

IT IS SO ORDERED.

Dated: Oct. 28, 1980

/s/ G.L. Pettigrew

G.L. Pettigrew
United States Bankruptcy Judge

Copies to:

R.C. Gibbs, Trustee

Robert A. Pope, Esq., Attorney for Debtor

## SUBAPPENDIX 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re  :
Susan Mary Walters  :  No. 2–80–00895
  Debtor  :

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S AMENDMENT TO SCHEDULE OF PROPERTY CLAIMED AS EXEMPT

This matter is before the Court on the trustee's objection to the debtor's amended schedule of exemptions filed on August 28, 1980. The trustee asserts that allowance of the claim of exemption at this date would unduly burden and delay the administration of the estate.

This Court finds that the debtor filed her petition in bankruptcy on March 21, 1980. The final account of the trustee was approved and the trustee was discharged on May 20, 1980. On August 18, 1980, the debtor received notice that the Internal Revenue Service had delivered to the trustee a larger than anticipated tax refund. The debtor filed an amended schedule of exemptions, claiming a portion of that refund as exempt on August 28, 1980.

Based on the foregoing, this Court finds that the debtor's claim of exemption filed

ten days after her discovery of the asset was filed within a reasonable period of time. The trustee's objection to the debtor's claim of exemption is hereby OVERRULED.

IT IS SO ORDERED.

Dated: Nov. 7, 1980

/s/ G.L. Pettigrew
G.L. Pettigrew
United States Bankruptcy Judge

Copies to:

Richard Carter Irvin, Esq.

Raymond P. Cunningham, Trustee