In re James E. **DUSSING,** Jr., **Debtor.**

**Bankruptcy No. 95–04847–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 15, 1996.

Joseph E. Neduchal, Orlando, FL, for Debtor.

Leigh R. Meininger, Orlando, FL, for Trustee.

### ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for consideration on the Motion for Turnover of Property of the Estate (the "Motion") (Doc. No. 13) filed by Leigh R. Meininger (the "Trustee"). The Motion seeks turnover of an income tax refund of $2,973.00 received by the debtor, James E. Dussing, Jr. (the "Debtor"), to the Estate. Both parties agree that the prorated amount of the turnover as well as the agreed utilization by the Debtor of an exempted amount of $222.00 would result in a prorated amount due to the Trustee of $1,948.62. After reviewing the pleadings and considering the applicable law, the Court grants the Trustee's motion for turnover of the prorated amount of the refund.

An income tax refund received after a bankruptcy petition date is subject to turnover if at least a portion of the tax year preceded the filing of the bankruptcy case. *Doan v. Hudgins*, 672 F.2d 831, 833 (11th Cir.1982); *see, generally, Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). The portion of the refund attributable to pre-petition withholding is properly included in the estate. *In re Rash*, 22 B.R. 323, 325 (Bankr.D.Kan.1982). Courts will prorate refunds based upon the number of calendar days before and after the petition. *Id.* For instance, if the debtor filed its petition of December 30, the bankruptcy trustee would be entitled to 364/365 of the debtor's refund. *In re Koch*, 14 B.R. 64, 66 (Bankr. D.Kan.1981).

In this case, the Debtor claims he is entitled to the full amount of his 1995 income tax refund because no refund was due when he filed his bankruptcy petition. The Debtor filed his petition on September 15, 1995. He filed his 1995 income tax return on January 24, 1996.

The Trustee asserts that the debtor had a sufficient interest in the tax refund on the petition date to turnover at least a prorated amount of the refund. The Trustee's argument is supported by the weight of the case law. Though the Debtor did not file his tax returns until several months after his petition for bankruptcy, he still had enough of an interest in the refund at the time of the petition for a part of that refund to be property of the estate.

In accordance with the foregoing, the Motion is granted. The parties have agreed the prorated amount of the turnover as well as the utilization by the debtor of the exempted amount of $222.00 results in a prorated amount due to the Trustee of $1,948.62.

That is the amount that the Debtor must turnover to the Trustee as property of the estate.