**In the Matter of Kristi SCHWARZ, Debtor.**

**No. BK02–43477.**

United States Bankruptcy Court. D. Nebraska.

Aug. 17, 2004.

Claude E. Berreckman, Jr., Berreckman & Berreckman, P.C., Cozad, NE, for Debtor.

Philip M. Kelly, Douglas, Kelly, Ostdiek, Bartels, Scottsbluff, NE, for Trustee.

### MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held in Lincoln, Nebraska, on June 9, 2004, on the trustee's motion for turnover of property (Fil. # 13) and the debtor's resistance (Fil. # 14). Claude Berreckman, Jr., appeared for the debtor, and Philip Kelly appeared as the Chapter 7 Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(E).

The trustee seeks the non-exempt balance of the debtor's federal and state income tax refunds. This amount includes a refund of overpaid withholding, an earned income credit, and a child tax credit. Ms. Schwarz received a federal refund of $2,601 and a state refund of $737. Of this total refund of $3,338, the debtor exempted

$1,490. The trustee wants most of the remaining $1,848 for the estate.

The debtor asserts that the child tax credits are not property of the bankruptcy estate because they are after-acquired property, unlike tax withholding payments and the earned income credit.

Very few reported cases discuss the federal child tax credit, but they all seem to at least implicitly hold that the refund attributable to the credit is property of the estate. *In re Koch,* 299 B.R. 523 (Bankr. C.D.Ill.2003); *In re Steinmetz,* 261 B.R. 32 (Bankr.D.Idaho 2001); *In re Dever,* 250 B.R. 701 (Bankr.D.Idaho 2000). The bankruptcy court in the Western District of Kentucky specifically found the child tax credit to be property of a Chapter 13 bankruptcy estate, referencing an unreported opinion finding it to be property of a Chapter 7 estate as well. *In re Beltz,* 263 B.R. 525 (Bankr.W.D.Ky.2001).

However, the context of these reported cases was not whether the child tax credit is property of the estate, but rather whether it is exempt as public assistance, as based on state law definitions. None of them discuss their rationale for treating the child tax credit the same as the earned income credit.

When analyzing federal income tax refunds and whether or not they are property of the bankruptcy estate under the Bankruptcy Code, most courts have determined that refunds are indeed property of the estate because they plainly fall under the 11 U.S.C. § 541(a)(1) definition of "all legal or equitable interests of the debtor in property as of the commencement of the case." *See, e.g., Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630 (8th Cir. 1991); *Barowsky v. Serelson (In re Barowsky),* 946 F.2d 1516 (10th Cir.1991); *Doan v. Hudgins (In re Doan),* 672 F.2d 831 (11th Cir.1982); *Kleinfeldt v. Russell (In re Kleinfeldt),* 287 B.R. 291 (10th Cir.

BAP 2002); *In re WDH Howell, LLC,* 294 B.R. 613 (Bankr.D.N.J.2003); *In re Webb,* 234 B.R. 96 (Bankr.W.D.Mo.1999).

From that proposition, case trustees attempt to claim refundable income tax credits as property of the bankruptcy estate. The most common credit, or at least the most commonly litigated, is the earned income tax credit ("EIC"). Most courts to have addressed it have determined that it, too, is property of the bankruptcy estate. The reasoning behind such a finding is cogently reflected in *Baer v. Montgomery (In re Montgomery),* 219 B.R. 913 (10th Cir. BAP 1998), *aff'd,* 224 F.3d 1193 (10th Cir.2000).

In *Montgomery,* the B.A.P. reversed the bankruptcy court's ruling that EICs do not accrue until the end of the tax year and therefore cannot be property of the bankruptcy estate when the debtor files his or her petition before the end of the tax year. The B.A.P. found the EICs to be property of the estate, relying in part on caselaw holding that Congress amended the Internal Revenue Code to treat EICs as tax overpayments, which are to be refunded. The 10th Circuit affirmed, stating:

> Given that EICs are to be treated as tax refunds, and that contingent interests are to be included in the bankruptcy estate, we agree with the B.A.P. and the overwhelming weight of authority that a debtor's EIC for a tax year, as pro-rated to the date the bankruptcy petition was filed, is property of the estate regardless of whether the petition was filed prior to the end of the tax year.

224 F.3d at 1195. *See also In re Demars,* 279 B.R. 548 (Bankr.W.D.Mo.2002) and *In re Walker,* 279 B.R. 544 (Bankr.W.D.Mo. 2002).

The key difference between the Tenth Circuit's analysis of the treatment of the EIC and the issue before this court re-

garding the child tax credit ("CTC") is the dissimilar treatment of the credits by the Internal Revenue Code.[1] In 26 U.S.C. § 6401(b)(1), by reference to 26 U.S.C. § 32, EICs are classified as overpayments and, under 26 U.S.C. § 6402, can be refunded to the debtor.

However, the Internal Revenue Code doe not classify CTCs the same as EICs. CTCs are covered in a subpart of the Internal Revenue Code called "Nonrefundable Personal Credits". Nevertheless, the statutory language itself indicates that CTCs actually are partially refundable. *See* 26 U.S.C. § 24(d). In other words, the CTC has refundable and nonrefundable components. The nonrefundable portion is simply a reduction against the amount of tax liability. If no taxes are owed, it is not refundable. The refundable and nonrefundable portions of the credit cannot exceed the total allowable CTC. Other nonrefundable credits include those listed on lines 46 through 51 of the 2002 Form 1040—*e.g.*, adoption credit, child and dependent care expenses, certain education credits.

For Ms. Schwarz, the CTC was $600 per child for the 2002 tax year. She claimed it for one child. The credit was refundable, and refunded, to the extent of 10 percent of Ms. Schwarz's earned income above $10,350, up to $600. The refundable portion is called "additional child tax credit" on line 66 of the Form 1040, and is $516 in this case. The nonrefundable reduction in tax liability was $84.

Another significant distinction between the EIC and the CTC is the accrual date of the credit. A taxpayer entitled to an EIC may receive advance payments of the credit under 26 U.S.C. § 3507. *Montgom-*

*ery*, 219 B.R. at 917; *Montgomery*, 224 F.3d at 1195. While the end of the tax year is still the relevant date for determining the amount of credit to which the taxpayer is entitled, the refundable portion of the earned income credit may be apportioned throughout the year and added to the taxpayer's paycheck.

By contrast, the CTC has no such provisions. The Internal Revenue Code makes clear that the child tax credit is allowed only against a taxpayer's total tax liability, which cannot be calculated until the end of the tax year. In addition, it is allowed only to the extent that tax is due. Unlike the EIC, it is not refundable if the taxpayer owes no taxes. Moreover, the child tax credit is allowed only for tax years consisting of 12 months. 26 U.S.C. § 24(f). If Ms. Schwarz had filed a short-year tax return as of her petition date, she would not have been eligible to claim a child tax credit.

Because Congress has seen fit to treat the child tax credit differently that the earned income credit for taxation purposes, they should also be treated distinctly for bankruptcy purposes. This distinction suggests, and I so find, that the CTC is in fact after-acquired property, not having come into existence until the end of the 2002 tax year, after Ms. Schwarz filed her bankruptcy petition. For that reason, Ms. Schwarz's child tax credit of $516 in her federal refund and the amount, if any, of the state tax refund attributable to the child tax credit is not property of the bankruptcy estate and is not subject to turnover to the Chapter 7 trustee. The remaining amounts of the refunds, however, are property of the estate. The trustee concedes that he is entitled only to the

---

**1.** References herein to the Internal Revenue Code are to the 2002 version of the United States Code, as that was the Code in effect for the tax year at issue in this case.

amount of Ms. Schwarz's refund attributable to pre-petition income, so 98.6 percent[2] of the balance of the refunds is property of the estate and should be turned over to the trustee.

Separate order will be entered.

## ORDER

Hearing was held in Lincoln, Nebraska, on June 9, 2004, on the trustee's motion for turnover of property (Fil. # 13) and the debtor's resistance (Fil. # 14). Claude Berreckman, Jr., appeared for the debtor, and Philip Kelly appeared as the Chapter 7 Trustee.

IT IS ORDERED: For the reasons stated in the Memorandum of today's date, the trustee's motion for turnover of property (Fil. # 13) is granted in part. Ms. Schwarz's child tax credit of $516 in her federal refund and the amount, if any, of the state tax refund attributable to the child tax credit is not property of the bankruptcy estate and is not subject to turnover to the Chapter 7 trustee. The remaining amounts of the refunds attributable to pre-petition income, or 98.6 percent of the balance, are property of the estate and should be turned over to the trustee.

2. The petition was filed on December 27, 2002, so 360 of that year's days were pre-petition.