In re Robert W. GRIFFIN, Jr. and Tommie Lee Griffin, Debtors.

No. 04–61975.

United States Bankruptcy Court,
E.D. Kentucky,
London Division.

Feb. 6, 2006.

Ross E. Murray, London, KY, for Debtors.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEBTORS' MOTION TO DECLARE CHILD TAX CREDIT A NON–ASSET OF THE ESTATE

JOSEPH M. SCOTT, Bankruptcy Judge.

The court having reviewed the entire record herein, including argument made at the hearing on December 22, 2005, and being sufficiently advised hereby orders debtors' motion to declare child tax credit a non-asset of the estate is granted in part and overruled in part pursuant to the well established law of this circuit.

■ Debtors ask this court to examine the federal Child Tax Credit[1] (CTC) and find the debtors' 2004 tax refund in the amount of $3821 a non-asset of the estate. As discussed in debtors' Motion (document # 18) this court has previously ruled that the portion of a debtor's tax refund resulting from the federal Child Tax Credit may not be exempted as public assistance pursuant to KRS 205.220(3). Debtors instead argue that a taxpayer has no right to the CTC until the conclusion of the tax year. See 26 U.S.C. § 24(f) (taxable year must be full year). Since debtors filed their

---

1. Title 26—Internal Revenue Code, Chapter 1—Normal Taxes and Surtaxes, Subchapter A—Determination of Tax Liability, Part IV— Credits Against Tax, Subpart A—Nonrefundable Personal Credits

petition in bankruptcy prior to the end of the 2004 calendar year, the argument contends debtors had no right to the CTC at the time of filing. Therefore, the debtors conclude the CTC portion of the refund is after-acquired property and pursuant to 11 U.S.C. § 541 is not property of the estate. Debtors also attempt to exempt $1780 of the refund as provided by KRS § 427.160. The court disagrees with both approaches.

Debtors rely on a 2004 decision of the Nebraska Bankruptcy Court, *In re Schwarz*, 314 B.R. 433 (Bkrtcy.D.Neb. 2004) and while the court finds the discussion in *Schwarz* informative *Schwarz* is not binding on this court. This court *is* bound by decisions of the Sixth Circuit Bankruptcy Appellate Panel (BAP). The BAP in *Booth v. Vaughan (In re Booth)*, 260 B.R. 281 (6th Cir. BAP 2001) held that the debtor's contingent interest in a profit-sharing payment was property of the estate because the payment was "sufficiently rooted in his pre-petition employment" even though the interest was unenforceable on the petition date.

In the matter at hand, the Griffins had two factors controlling whether or not they would receive the CTC. First, the debtors must wait until the end of the tax year before filing a tax return and second, the debtors must actually file the return. The likelihood of both occurring was exceeding high and in fact both contingencies were realized soon after the petition was filed. Relying on the analysis in *Booth* and that of the Supreme Court in *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), this court finds the Child Tax Credit is "sufficiently rooted" in debtor's pre-petition earnings to be considered property of the estate despite the contingent nature of the credit on the date the petition was filed.

Having found the Child Tax Credit is indeed property of the bankruptcy estate, the court must now determine how much of the refund can be exempted and retained by the debtors.

■ The court limits debtors' exemption pursuant to KRS § 427.160 to $1000 instead of the $1780 as scheduled. Debtor husband, as the wage-earning spouse, may use the maximum allowed by KRS § 427.160 toward an exemption of the tax refund. Courts in this circuit have consistently held "the non wage earning spouse has no property interest in, and therefore is entitled to no exemption in the proceeds of the tax refund." *See In re Taylor*, 22 B.R. 888, 889, (Bkrtcy.N.D.Ohio1982). The tax refund is a return of prior withholdings and debtor wife lacks paid employment and associated withholdings and as such she cannot have a return of withholdings in the form of a tax refund.

■ In addition to the $1000, debtors may exempt the portion of the refund attributable to the Earned Income Credit or $849 as a form of public assistance pursuant to KRS 205.220(3). That brings the exempt portion of debtors' tax refund to $1849, leaving the remaining $1972 as nonexempt and a potential asset of the estate.

■ The final calculation the court must make involves prorating the nonexempt portion of the refund into the portion attributable to wages earned pre-petition and the portion attributable to wages earned post-petition. Because the wages earned post-petition are after acquired, the portion of the refund associated with these wages is also considered after acquired and a non-asset of the estate. *See In re Thomas*, 14 B.R. 759 (Bkrtcy.E.D.Mich. 1981); *In re Dussing*, 205 B.R. 332 (Bkrtcy.M.D.Fla.1996). Debtors' petition was filed on December 8, 2004, twenty-four days before the end of the year. The court determines a proration factor by dividing the 24 post-petition days by 365, the

total number of days in a year.[2] When the nonexempt portion of the tax refund, potentially $1972, is multiplied by the proration factor of 0.0658, the portion of the refund attributable to after acquired earnings is $129.76. The remaining portion of the refund or $1842.24 is an asset of the estate being attributable to income produced pre-petition.

Based on the foregoing, debtors' are entitled to retain $1978.76 of the 2004 income tax refund. Debtors shall turn over $1842.24 to the trustee as a nonexempt asset of the bankruptcy estate within 10 days of the date of this order.

It is so ordered.

---

2. The court is aware 2004 was a leap year containing 366 days but uses 365 days for consistent results in the formula.