**In re Carole Lynette MINTON, Debtor.**

**No. 05–38842.**

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Aug. 29, 2006.

Thomas G. Eagle, Lebanon, OH, for Debtor.

## DECISION SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION IN TAX REFUND AND SUSTAINING OBJECTION TO DEBTOR'S EXCLUSION OF CHILD TAX CREDIT FROM PROPERTY OF THE ESTATE

LAWRENCE S. WALTER, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the standing General Order of Reference in this District. Procedurally before the court is Chapter 7 Trustee John Rieser's Objection to Debtor Carole Minton's claimed exemption in a tax refund and exclusion of her child tax credit from property of the estate [Doc. 15] and the Debtor's responsive memorandum [Doc. 16]. On May 11, 2006, the court held a hearing and, following arguments, it took the matter under advisement but gave the parties an opportunity for additional briefing. After reviewing the parties' briefs [Docs. 23, 24 and 26] and the arguments of counsel at the hearing, the court is prepared to render its decision with respect to the following issues raised by the parties:

1) Whether a debtor can claim an exemption in an income tax refund as "personal earnings" pursuant to Ohio Rev. Code § 2329.66(A)(13)?

2) Whether a tax credit, and more specifically a child tax credit, is property of the estate?

## FACTUAL BACKGROUND

The relevant facts are few and undisputed. Debtor Carole Minton filed her Chapter 7 bankruptcy petition on August 30, 2005. Subsequently, on February 24, 2006, she amended her Schedule B to add the following assets:

Federal and State income tax refund ($5,640.00), less Federal and State Child Tax Credit ($1,371.00), prorated to date of filing Petition (242/365 days) = $2,829.

[Doc. 14]. She further amended her Schedule C to add the following exemptions in the tax refund:

$129.31 pursuant to Ohio Rev.Code § 2329.66(A)(4)(a)

$175.00 pursuant to Ohio Rev.Code § 2329.66(A)(18)

$2,121.75 pursuant to Ohio Rev.Code § 2329.66(A)(13)

[*Id.*].

Trustee Rieser objected to the third exemption taken in the tax refund, totaling $2,121.75, which the Debtor claims is exempt pursuant to Ohio Rev.Code § 2329.66(A)(13) as "personal earnings." The Trustee argues that an income tax refund is not "personal earnings" exempted pursuant to this section of the Ohio Exemption statute. In addition, Trustee Rieser objects to the deduction of the Debtor's child tax credits on Schedule B arguing that the credits are property of the estate and are not properly deducted from the Debtor's tax refund.

## LEGAL ANALYSIS

### A. Whether a Tax Refund Constitutes Exempt "Personal Earnings" Pursuant to Ohio Rev.Code § 2329.66(A)(13)

■ The court will begin with the Debtor's claimed exemption in her tax refund

as "personal earnings" pursuant to the Ohio Exemption Statute, Ohio Rev.Code § 2329.66(A)(13). The statute states, in pertinent part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

* * *

(13) Except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, personal earnings of the person owed to the person for services in an amount equal to the greater of the following amounts:

(a) If paid weekly, thirty times the current federal minimum hourly wage; if paid biweekly, sixty times the current federal minimum hourly wage; if paid semimonthly, sixty-five times the current federal minimum hourly wage; or if paid monthly, one hundred thirty times the current federal minimum hourly wage that is in effect at the time the earnings are payable, as prescribed by the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. 206(a)(1), as amended;

(b) Seventy-five per cent of the disposable earnings owed to the person.

Ohio Rev.Code § 2329.66(A)(13). Relying on the court's analysis in *In re Jones,* 318 B.R. 841 (Bankr.S.D.Ohio 2005), the Debtor argues that a tax refund is prepetition personal earnings that are owed to the Debtor by the Internal Revenue Service and, consequently, may be exempted under this provision of the Ohio Exemption Statute.

While the court understands the logic of the Debtor's argument, her reliance on the *Jones* case is misplaced. In *Jones,* this court discussed whether an independent contractor's prepetition earnings were exempt under Ohio Rev.Code § 2329.66(A)(17), an exemption provision incorporating federal laws protecting wages from garnishment, attachment and execution. The decision did not specifically address what earnings are exempt pursuant to Ohio Rev.Code § 2329.66(A)(13) nor did it consider whether a tax refund constitutes earnings for such purposes.

Instead, the seminal case to address whether a tax refund constitutes "earnings" in a similar context is *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). In *Kokoszka,* the United States Supreme Court addressed whether a tax refund could be exempted by a debtor in bankruptcy under the Federal Consumer Credit Protection Act ("FCCPA") which protects "earnings" from garnishment.

The Supreme Court held that the Congressional purpose for the FCCPA was to regulate garnishment of a person's periodic payments of compensation to ensure that the wage-earner was left with some funds each pay-period to live on and support his or her family. *Kokoszka,* 417 U.S. at 651–52, 94 S.Ct. 2431. The Supreme Court found that this protection of a person's periodic payments necessary for ongoing support was not intended to extend to tax refunds of a debtor in bankruptcy even though the asset "is traceable in some way to ... compensation." *Id.* at 651, 94 S.Ct. 2431. Instead, as noted by other courts analyzing similar state garnishment statutes, once earnings have been withheld and paid to the government, the money changes form and is considered by the Internal Revenue Service to be taxes, rather than earnings, even if later refunded. *See Manchester v. Annis (In re Annis),* 232 F.3d 749, 752 (10th Cir.2000) (citing the Internal Revenue Code for the proposition that any money withheld from earnings is "taxes" even if later refunded);

*Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631–32 (8th Cir.1991); *In re Rangel*, 317 B.R. 553, 555 (Bankr.D.Kan. 2004) (concluding that a tax refund constitutes a return of "taxes" and not "earnings" and is, therefore, not entitled to an exemption for earnings under Kansas state law); *In re Lancaster*, 161 B.R. 308, 309 (Bankr.S.D.Fla.1993); *In re Miles*, 153 B.R. 72, 73–74 (Bankr.N.D.Okla.1993); *In re Orndoff*, 100 B.R. 516, 519–20 (Bankr. E.D.Cal.1989).

▮ In this case, not only does Ohio Rev.Code § 2329.66(A)(13) contain similar language to the FCCPA,[1] but the Ohio Supreme Court recognizes a similar purpose to Ohio's exemption for "personal earnings" as a means to "protect funds intended primarily for maintenance and support of the debtor's family." *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 445, 504 N.E.2d 1100, 1103 (1986) (holding that earnings deposited in a checking account retain their exempt status because "the legislative intent would be frustrated if exempt funds were automatically deprived of their statutory immunity when deposited in a checking account which a depositor commonly maintains in order to pay by

check those regular subsistence expenses he incurs"). Like the FCCPA, there is no indication that § 2329.66(A)(13) was intended to encompass non-periodic payments like tax refunds. Furthermore, neither party has cited, nor has the court found, cases applying this exemption to a tax refund.

Finally, the court cites its agreement with the Tenth Circuit in its analysis of a similar garnishment statute enacted in Oklahoma to protect a percentage of "earnings from personal services." *Annis*, 232 F.3d at 752–53. The Tenth Circuit concluded that to stretch the meaning of "earnings" to include wages that have metamorphosed into a tax refund or other form would create an extremely broad exemption not intended by the state legislature:

> Under that definition, a person who used their wages to purchase a home could assert that the house constitutes "earnings from personal services," or a person who invests their wages in the stock market could argue that the stock purchased constitutes "earnings from personal services." In either circumstance, the property derived from the employee's wages would constitute "earnings

---

1. The relevant language from the FCCPA statute protecting earnings from garnishment is as follows:

   (a) Maximum allowable garnishment
   Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
   (1) 25 per centum of his disposable earnings for that week, or
   (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the

   Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).
   15 U.S.C. § 1673(a).
   For purposes of § 1673(a), "earnings" are defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). Furthermore, "disposable earnings" are defined as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b).

from personal services" under the Debtor's theory. Such a broad exemption, however, would swallow the rule: almost everything the debtor owned would be exempt from the bankruptcy estate because it is derived from a person's wages.

*Annis,* 232 F.3d at 753. This court has no reason to believe that Ohio's definition of "earnings" was intended to create such a broad exemption.

For these reasons, the court adopts *Kokoszka's* more narrow interpretation of what funds constitute earnings and holds that a tax refund does not qualify as "personal earnings" pursuant to Ohio Rev.Code § 2329.66(A)(13). The Trustee's objection to the Debtor's $2,121.75 exemption is sustained.

### B. Whether a Child Tax Credit Constitutes Property of the Estate

■ Next, the court must determine whether the Debtor properly deducted $1,371.00 from her tax refund, that portion attributable to child tax credits, because the Debtor believes that a child tax credit is excluded from property of the estate. The Debtor makes two arguments to support her exclusion of the child tax credit. First, the Debtor argues that tax credits are part of an entitlement program intended to help families with financial challenges and such credits should be excluded from property of the estate because they are necessary to a debtor's "fresh start." Second, even if other tax credits, like earned income credits, are property of the estate, the Debtor argues that child tax credits should be treated differently because they becomes payable only after a tax return is filed and they are not specifically tied to prepetition income.

■ The court begins with the definition of property of the estate which includes, with some exceptions, all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Congress enacted § 541 as part of the Bankruptcy Reform Act of 1978 intending the definition of property of the estate to be construed broadly to include practically every conceivable interest a debtor may have in property as of the bankruptcy filing date. *Booth v. Vaughan (In re Booth),* 260 B.R. 281, 284 (6th Cir. BAP 2001) ("According to the legislative history, the purpose of § 541(a) is to 'bring anything of value that the debtors have into the estate.' "); *In re Cleveland Graphic Reproduction, Inc.,* 78 B.R. 819, 823 (Bankr.N.D.Ohio 1987) ("In promulgating [§ 541], Congress deliberately expanded the scope of estate property far in excess of that allowed in § 541's predecessor, § 70(a) of the Bankruptcy Act of 1898"). The broad construction includes all types of property, tangible and intangible, as well as causes of action. *In re Williams,* 345 B.R. 853, 857–58 (Bankr. N.D.Ohio 2006) (citing *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)). Consequently, "[a] debtor's interest in property is ... not excluded from the estate simply because the interest is future, non-possessory, contingent, speculative, non-accrued or derivative." *Id.*

Property of the estate encompasses a "contingent interest" which is defined under Ohio law as "one in which there is no present fixed right of either present or future enjoyment; but in which a fixed right will arise in the future under certain specified contingencies." *Booth,* 260 B.R. at 285 (further citations omitted). As such, a debtor's contingent interest in his employer's profit sharing plan constitutes property of the estate enabling the Trustee to obtain the prepetition pro-rata share of a post-petition payment. *Id.* The same is true of a debtor's stock options even if

they are presently not exercisable as of the petition filing date. *Williams,* 345 B.R. at 857–59.

Furthermore, binding precedent of the Sixth Circuit Court of Appeals confirms that a debtor's contingent interest in an earned income credit, another form of tax credit, is property of the estate even when the petition is filed before the end of the tax year. *Johnston v. Hazlett (In re Johnston),* 209 F.3d 611, 613 (6th Cir.2000). *See also Booth,* 260 B.R. at 285; *In re McCourt,* 217 B.R. 998, 1000 (Bankr. S.D.Ohio 1997); *In re Beagle,* 200 B.R. 595, 598 (Bankr.N.D.Ohio 1996). In *Johnston,* the Sixth Circuit specifically rejected the debtor's argument that she had no "legal or equitable interest" in the earned income credit at the time she filed her petition because the credit was not payable at the time of filing. *Johnston,* 209 F.3d at 612.

Keeping in mind this broad encompassing definition of property of the estate, the court now turns to the Debtor's first argument. The Debtor relies on *In re Hurles,* 31 B.R. 179 (Bankr.S.D.Ohio 1983) for the proposition that tax credits, including both earned income and child tax credits, should be omitted from property of the estate because they are part of an entitlement program intended to benefit low income taxpayers and are necessary for a debtor's "fresh start." While the *Hurles* court did determine that earned income credits are excluded from the estate, the *Hurles* decision has been discredited for its reliance on a definition of estate property that has been repealed.

In *Hurles,* the court relied on *Hoffman v. Searles (In re Searles),* 445 F.Supp. 749 (D.Conn.1978), which, in turn, stressed the language of § 70a(5) of the Bankruptcy Act of 1898, to support its holding that earned income credits were needed for a debtor's "fresh start" and were not part of

the bankruptcy estate. *Searles,* 445 F.Supp. at 752–53. The Bankruptcy Act of 1898 has been repealed and replaced by the Bankruptcy Code and the more encompassing definition of property of the estate in § 541 intended to bring "anything of value that the debtors have into the estate." *See Johnston,* 209 F.3d at 613; *Booth,* 260 B.R. at 284–85. Consequently, the reasoning of *Hurles* and *Searles* has been discredited and earned income credits are now considered property of the estate. *Johnston,* 209 F.3d at 613 (rejecting the *Searles* analysis and concluding that an earned income credit is property of the estate under § 541); *Beagle,* 200 B.R. at 597 (discrediting *Hurles* and holding that earned income tax credits are property of the estate); *Campbell v. Woods (In re Woods),* 1997 WL 33343975 at *2–3 (Bankr.D.S.C. Dec.1, 1997).

Next, the Debtor asserts that even if earned income credits are property of the estate, child tax credits are not because they are treated differently by the Internal Revenue Code. For this proposition, the Debtor cites *In re Schwarz,* 314 B.R. 433 (Bankr.D.Neb.2004).

In *Schwarz,* the Nebraska bankruptcy court noted that very few decisions have dealt with child tax credits, but that the reported ones assumed that the credits were property of the estate much like earned income credits had previously been found to be. *Id.* at 434. However, this Nebraska bankruptcy court differentiated child tax and earned income credits noting that they have a somewhat different treatment by the Internal Revenue Code. *Id.* at 435. First, the two types of credits are found in different sections of the Internal Revenue Code. *Id.* Specifically, earned income credits are in a section of the Internal Revenue Code dealing with overpayments of taxes whereas child tax credits are in a subpart dealing with nonrefunda-

ble personal credits.[2] *Id.* Also, unlike earned income credits, a portion of a child tax credit is nonrefundable. *Id.* (comparing 26 U.S.C. § 6401(b) to 26 U.S.C. § 24(d)). Third, although recognizing that neither a child tax credit nor an earned income credit is finalized until the end of the tax year, an earned income credit may be apportioned throughout the year whereas a child tax credit may not be so apportioned. *Id.* Because the child tax credit is treated differently by the Internal Revenue Code, the Nebraska bankruptcy court concluded it should be treated differently in bankruptcy. *Id.* The court held that when a taxpayer files her return after the date of filing her bankruptcy petition, the child tax credit is after-acquired post-petition property because it did not come into existence until after the bankruptcy case was filed and, consequently, is not property of the estate. *Id.*

Other courts have disagreed with *Schwarz.* In *Law v. Stover (In re Law),* the Eighth Circuit Bankruptcy Appellate Panel reviewed the issue starting with the broad definition of property of the estate and the "consistent authority holding that section 541 applies to contingent interests" including earned income credits not yet finalized on the filing date. 336 B.R. 780, 783 (8th Cir. BAP 2006).

While recognizing that the Internal Revenue Code treats a child tax credit somewhat differently than an earned income tax credit, the Eighth Circuit Bankruptcy Appellate Panel concluded that the special treatment is significant for tax purposes only and not bankruptcy. *Id.* In bankruptcy, child tax credits are like earned income credits in that they are both contingent interests on the petition filing date regardless of whether the credit is only finalized at the end of the tax year. *Id.* The court held that despite their distinctions, child tax credits, like earned income tax credits, are property of the estate. *Id.*

Similar reasoning has since been adopted by the Bankruptcy Court for the Eastern District of Kentucky in the case of *In re Griffin,* 339 B.R. 900 (Bankr.E.D.Ky. 2006). The Kentucky court found a child tax credit not yet paid on the bankruptcy petition filing date to be "sufficiently rooted" in a debtor's prepetition earnings so that it is to be considered property of the estate despite the contingent nature of the credit on the filing date. *Id.* at 901–02.

■ This court finds the reasoning of *Law* and *Griffin* to be persuasive. First, the distinctions between earned income credits and child tax credits described in *Schwarz* are not relevant given the all encompassing definition of property of the estate in 11 U.S.C. § 541.[3] Instead, the only question is whether a child tax credit constitutes "a legal or equitable interest of the debtor" as of the bankruptcy filing date. This definition of property of the estate has been broadly construed to en-

**2.** While child tax credits are in a section of the Internal Revenue Code dealing with nonrefundable personal credits, the relevant statute has been amended to make child tax credits partially refundable. *See* 26 U.S.C. § 24.

**3.** One of the distinctions noted in *Schwarz* is the fact that a child tax credit was initially nonrefundable (i.e. limited to offsetting the amount of tax owed) under the Internal Revenue Code whereas an earned income credit, treated as a tax overpayment, is refundable. *Schwarz,* 314 B.R. at 434–35. As admitted by the court in *Schwarz,* the language of the Internal Revenue Code now makes a federal child tax credit partially refundable. *Id.* at 435. *See also Law,* 336 B.R. at 783 n. 3 (recognizing the amendment to the child tax credit statute to include refundability for excess credits). As the Trustee in this case is only pursuing the refundable portion of the child tax credits, this difference between earned income and child tax credit is not relevant.

compass a debtor's contingent interest in future payments, as long as that interest is "sufficiently rooted" in a debtor's prepetition past, even if that interest is reliant on future contingencies that have not accrued as of the filing date. *See Johnston*, 209 F.3d at 613 (finding that an earned income credit is a contingent interest that is property of the estate); *Booth*, 260 B.R. at 285–87 (describing an assortment of contingent interests that come into the bankruptcy estate). Like an earned income credit, a child tax credit for a tax year that began prior to the bankruptcy is a contingent interest upon the bankruptcy filing date even though it is not finalized until a future contingency occurs, i.e. the end of the tax year and filing of the tax return. *Law*, 336 B.R. at 783. Consequently, both types of credits, although treated somewhat differently for tax purposes, are encompassed within § 541's broad definition of property of the estate. The court sustains the Trustee's objection and concludes that the prepetition [4] refundable portion of the child tax credits is property of the estate.

## CONCLUSION

In conclusion, the court sustains the Trustee's objection to the Debtor's exemption in her tax refund pursuant to Ohio Rev.Code § 2329.66(A)(13). The court further sustains the Trustee's objection to the Debtor's exclusion of her child tax credits from property of the estate.

**SO ORDERED.**

---

4. Like the tax refund, the child tax credit should be pro-rated so that only the percentage attributable to prepetition earnings is included in property of the estate.