**In re Joseph Edward BAST, Jr. and Sandra Jean Bast, Debtors.**

**No. 05–30915–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

May 2, 2007.

John F. Longley, Esq., Port St. Lucie, FL, for Debtors.

John A. Moffa, Esq., Sunrise, FL, for Trustee.

*ORDER DENYING MOTION TO VACATE FINAL DECREE AND DEEMING SURPLUS PROCEEDS GENERATED FROM FORECLOSURE SALE TO CONSTITUTE PROPERTY OF THE DEBTORS*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on April 24, 2007, upon the Motion to Vacate Final Decree, filed by John A. Moffa, Esq., of the law firm of Moffa & Bonacquisti, P. A., ostensibly as counsel for John P. Barbee ("now-discharged trustee"). Mr. Barbee previously served as the chapter 7 trustee for the bankruptcy estate of Joseph Edward Bast, Jr. and Sandra Jean Bast ("discharged debtors"). By way of the instant motion, the now-discharged trustee seeks to vacate the Final Decree and Discharge of Trustee (C.P.8) entered by this Court on June 15, 2005. Upon careful consideration of the Motion to Vacate Final Decree, together with the argument of counsel on behalf of the now-discharged trustee, and for the reasons set forth below, the Motion to Vacate Final Decree is **denied.**

This case was commenced on March 4, 2005 with the discharged debtors' filing of their joint chapter 7 petition. Pursuant to 11 U.S.C. § 701(a)(1), the now-discharged trustee was appointed to serve as interim trustee by the Assistant United States Trustee for the Southern District of Florida (C.P.3), as evidenced by the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, issued by the Clerk of the Bankruptcy Court on March 7, 2005. In accordance with 11 U.S.C. § 341, the now-discharged trustee conducted the Meeting of Creditors on April 6, 2005. Subsequent to the First Meeting of Creditors, the now discharged trustee, then acting as the duly designated chapter 7 trustee, filed his Report of No Distribution on April 25, 2005 (C.P.6), pursuant to Bankruptcy Rule 5009.[1] Subsequently, on June 14, 2005, a Discharge of Debtors was issued in favor of the discharged debtors (C.P.7), and on June 15, 2005, the Court

---

1. Pursuant to Bankruptcy Rule 5009, if a chapter 7 trustee has filed a final report and account and has certified that a bankruptcy estate has been fully administered, and if no objection to such final report and final account is filed by the United States trustee or a

entered its Final Decree and Discharge of Trustee (C.P.8).

■ On October 31, 2006, the now-discharged trustee filed his Trustee's Ex–Parte Motion to Reopen Chapter 7 Case to Administer Additional Assets, to Defer Filing Fee and for Appointment of a Chapter 7 Trustee ("Motion to Reopen"—C.P. 9). The now-discharged trustee's Motion to Reopen was filed pursuant to Local Rule 5010–1(C), which provides:

> In a chapter 7 case, a motion to reopen a case to administer additional assets must be accompanied by a proposed order which conforms to the Local Form "Order Reopening Case to Administer Additional Assets".

Such motions are routinely granted, and on October 31, 2006, this Court entered its Order Granting Trustee's Ex–Parte Motion to Reopen Chapter 7 Case to Administer Additional Assets, to Defer Filing Fee and for Appointment of a Chapter 7 Trustee ("Order Reopening Case"—C. P. 12).[2]

The property at issue consists of approximately $82,000 deposited in the court registry of the Clerk of the Circuit Court for St. Lucie County, Florida. Among the assets listed by the discharged debtors in their bankruptcy schedules (C.P.1) was a fee interest in real property located at 2122 SE Stonecrop Street, Port St. Lucie, Florida. The referenced property was not claimed as exempt property on the discharged debtors' Schedule C. However, based upon representation by Mark Bonacquisti, Esq., the law partner of Mr.

Moffa, the property was reflected as being heavily encumbered.

Subsequent to the closing of this case, the now-discharged trustee ostensibly learned that a foreclosure sale of the subject real property had been conducted by the Clerk of the Circuit Court for St. Lucie County, Florida, which sale generated a surplus of approximately $82,000 ("Surplus Funds"). Mr. Moffa, acting on behalf of the now-discharged trustee,[3] filed the Motion to Reopen. At the April 24, 2007 hearing, Mr. Bonacquisti stated that the now-discharged trustee had been made aware of the existence of the Surplus Funds by way of a telephone call initiated by the discharged debtors.

■ The Court's denial of the Motion to Reopen is predicated upon its determination that the Surplus Funds no longer constitute property of the estate. Upon the commencement of a bankruptcy case, a bankruptcy estate is created, consisting of all tangible and intangible property interests of a debtor. *In re Central Arkansas Broadcasting Co., Inc.*, 170 B.R. 143 (Bankr.E.D.Ark.1994); *In re Minton*, 348 B.R. 467 (Bankr.S.D.Ohio 2006). "The scope of [§ 541(a)(1)] is broad. It includes all kinds of property, including tangible and intangible, causes of action . . . and all other forms of properly. . . ." *In re Chateaugay Corp.*, 116 B.R. 887, 898–899 (Bankr.S.D.N.Y.1990). Pursuant to 11 U.S.C. § 704(a)(1) it is the trustee's duty to "collect and reduce to money the property of the estate for which such trustee

party in interest within thirty days, "there shall be a presumption that the estate has been fully administered."

2. Although the Order Reopening Case directed the United States Trustee to Appoint a chapter 7 trustee, such an appointment was not made. As such, all actions undertaken by the now-discharged trustee subsequent to the entry of the Order Reopening Case are void

*ab initio,* as having been effected at the instance of the now-discharged trustee and without proper authorization.

3. Mr. Moffa and the law firm of Moffa & Bonacquisti, P.A. undertook representation of the now discharged trustee only upon the contemporaneous filing of the instant motion to reopen.

serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." A trustee is vested with authority to sell the property of the estate (11 U.S.C. § 363(b)(1)), and also is authorized to abandon property of the estate (11 U.S.C. § 554). Property which is not sold or otherwise administered during the course of a bankruptcy proceeding is deemed abandoned upon the closing of the bankruptcy proceeding. *In re Balonze,* 336 B.R. 160 (Bankr.D.Conn. 2006).

> There are basically three types of abandonment that may occur in a bankruptcy case. These types of abandonment are set forth in § 554 of the Bankruptcy Code. The first two types of abandonment are found in §§ 554(a) and (b). These abandonments take place upon motion of a party, notice and opportunity for a hearing, and, when appropriate, a confirming court order. The third type of abandonment is the type involved in the present situation. It is found in § 554(c) and does not involve a motion, notice and opportunity for hearing, and does not result in an order from the court. Instead, this type of abandonment is automatic at the closing of the case. The abandonment of property of the estate that results from the closing of a case is commonly referred to as a "technical abandonment".

*In re Brinley,* 347 B.R. 613, 617 (Bankr. W.D.Ky.2006).

██ If an asset is disclosed, and is not administered during the course of the bankruptcy proceeding, it is deemed abandoned once the case is closed. *In re Reed,* 178 B.R. 817 (Bankr.D.Ariz.1995). "The rationale for the general rule is that once an asset has been abandoned, it is no longer part of the estate and is effectively beyond the reach and control of the trustee." *In re DeVore,* 223 B.R. 193 (9th Cir.BAP1998). The same position was adopted in *Kuehn v. The Cadle Company,* 2006 WL 845085 (M.D.Fla.2006). Similar to the factual scenario *sub judice,* Bonnie Kuehn listed a pending law suit in her bankruptcy schedules. Thereafter, Ms. Kuehn's bankruptcy trustee filed his Report of No Distribution, stating that there was no property available for distribution from the estate and that the estate had been fully administered. In the course of proceedings subsequent to a closing of the bankruptcy estate whereby leave was sought to administer Ms. Kuehn's law suit, United States District Court Judge William Terrell Hodges ruled that the subject law suit had been abandoned.

> In this case, it is clear that Ms. Kuehn notified her Trustee of the existence of this lawsuit through the filing of her amended schedule of personal property, and that the Trustee abandoned it at the time he issued his report stating that the estate has been fully administered. Thus, this lawsuit reverted back to Ms. Kuehn and the Bankruptcy Court no longer has any jurisdiction over it.

*Case No. 5.04–CV–432–OC–10GRJ, 2006 WL 845085, @\*4.* This Court finds the reasoning of Judge Hodges to be persuasive, to the effect that the Surplus Funds have been abandoned. Accordingly, it is

**ORDERED** that the Motion to Vacate Final Decree is **denied.**