In re Qiana M. **PARKER**, Debtor.

No. 05–29158.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Sept. 14, 2006.

George W. MacDonald, Cleveland, OH, for Debtor.

Dettelbach Sicherman & Baumgart, Cleveland, OH, for trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the motion of the Chapter 7 Trustee, ("Trustee") for an order requiring Qiana M. Parker ("Debtor") to turnover certain non-exempt assets (the "Motion"). The Trustee also objects to the Debtor's claimed exemption in certain tax refunds which include an Earned Income Tax Credit (EITC) and Child Tax Credit (CTC). The Debtor opposes the Trustee's motion and objection to exemption.

The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334 and General Order No. 84 of this District. Upon examination of the parties' respective briefs and supporting documentation, and after conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

*

Debtor filed for voluntary relief under Chapter 7 on October 10, 2005. During the § 341 meeting of creditors held on December 9, 2005, the Trustee requested that the Debtor provide her 2005 federal and state tax returns (the "Returns") no later than February 20, 2006. The request was acknowledged by the Debtor, however she failed to provide the returns on or before February 20, 2006. The Trustee's office sent a letter to the Debtor's attorney on February 23, 2006 requesting that the returns be provided within ten days.

By March 29, 2006, neither the Debtor nor her counsel had responded to the Trustee's requests. Thereupon, the Trustee moved for authority to examine the Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure. An order

granting that motion was entered on March 31, 2006 (*see* Docket No. 10), directing the Debtor to appear at the Trustee's office on April 28, 2006, and to provide the returns (the "Rule 2004 Order"). The Debtor failed to comply with the Rule 2004 Order, and failed to provide the returns.

On May 22, 2006, the Trustee commenced an adversary proceeding, captioned *Sicherman v. Parker*, Adversary Proceeding No. 06–01422 (the "Adversary Proceeding"), requesting that the Debtor's discharge be revoked and denied due to her failure and refusal to comply with the Rule 2004 Order and to provide the returns.

The next day, on May 23, 2006, the Trustee received a fax from the Debtor's counsel, enclosing a copy of the Returns. The Trustee's pleadings reflect that the returns show that the Debtor was entitled to receive refunds from the United States of America, Internal Revenue Service and the Treasurer of the State of Ohio, prorated from the petition date, in the aggregate sum of $4,469.85. Of that sum, the Trustee contends the amount of $4,269.85 is not exempt and is property of the estate pursuant to 11 U.S.C. § 541 of the Bankruptcy Code.

On June 27, 2006, the Trustee filed his motion for an order directing the Debtor to turn over the Refunds (the "Turnover Motion"). In response to the turnover motion, the Debtor filed amended claims of exemption under O.R.C. § 2329.66(A)(11), in addition to an objection to the turnover motion. On August 1, 2006, the Trustee timely objected to the Debtor's amended claims of exemption.

\* \*

Herein, the Trustee contends that the EITC, which the Debtor claims as exempt, is nonexempt property of the estate. The Trustee asserts that the refunds, in general, do not qualify as "spousal support, child support, an allowance, or other maintenance as is required under O.R.C. § 2329.66(A)(11)."

The Debtor states that, of the $4,606.00 federal tax refund that she received, $3,167.00 represents the Debtor's EITC portion. The Debtor asserts that the EITC is a federal benefit program for low wage earners with families. The Debtor argues that the program is designed to assist individuals in supporting their families. In addition, the Debtor asserts that the CTC portion of her federal income tax refund, in the amount of $989.00, is a similar federal benefit designed to assist wage earners with their families. The Debtor argues that because of the public policy, the EITC and the CTC are exempt pursuant to Ohio Rev.Code. 2329.66(A)(11), because both credits provide maintenance to the extent reasonably necessary for support.

\* \* \*

The dispositive issue is whether the portions of the Debtor's federal income tax refund, designated as the Earned Income Tax Credit ("EITC" or "EIC") and the Child Tax Credit (CTC), are exempt property pursuant to § 2329.66(A)(11) of the Ohio Revised Code. (Ohio Revised Code Ann. § 2329.66(A)(11)).

\* \* \* \*

Section 541 of the Bankruptcy Code provides that, all property in which a debtor has a legal or equitable interest at the commencement of the case is included in the bankruptcy estate. *See* 11 U.S.C. § 541. A debtor, however, may exempt certain property from the bankruptcy estate pursuant to § 522 of the Bankruptcy Code. Section 522(b) provides:

(b)(1) Notwithstanding **section 541** of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2)

or, in the alternative, paragraph (3) of this subsection. In joint cases filed **under section 302** of this title and individual cases filed under **section 301 or 303** of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under **Rule 1015(b) of the Federal Rules of Bankruptcy Procedure**, one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed.

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

11 U.S.C. § 522. Ohio has opted out of the federal exemption scheme. O.R.C. § 2329.662. A debtor may amend the list of property claimed exempt at any time prior to the bankruptcy case being closed. *See* FED. R. BANKR.P. 1009. Specifically, Bankruptcy Rule 1009 provides:

> (a) General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

FED. R. BANKR.P. 1009(a). Section 522(*l* ) states, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. 522(*l* ).

█ It is undisputed that the Debtor timely filed her amended claim of exemption prior to the closing of the case. It is likewise undisputed that the Trustee received notice and filed his objection to the amended claim of exemption timely[1]. The burden of proof on an objection to a claim of exemption is upon the objecting party. In this matter, the Trustee who bears that burden by a preponderance of the evidence. *See In re Hamo*, 233 B.R. 718 (6th Cir. BAP 1999); *In re Hoppes*, 202 B.R. 595 (Bankr.N.D.Ohio 1996).

Herein, the Debtor claimed an amended exemption in the EITC and the CTC portion of her federal income tax refund pursuant to Ohio Rev.Code § 2329.66(A)(11).

## A. EARNED INCOME CREDIT

The purpose of eligibility of the EITC is outlined in the Internal Revenue Code at 26 U.S.C. § 32. This section provides:

> (a) Allowance of credit.—
>
> (1) In general.—In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.

---

1. Bankruptcy Rule 4003(b) provides:
 A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person. FED. R. BANKR.P. 4003(b).

\* \* \* \* \* \*

(c) Definitions and special rules.—For purposes of this section—

(1) Eligible individual.—

(A) In general.—The term "eligible individual" means—

(i) any individual who has a qualifying child for the taxable year, or

(ii) any other individual who does not have a qualifying child for the taxable year, if—

(I) such individual's principal place of abode is in the United States for more than one-half of such taxable year,

(II) such individual (or, if the individual is married, either the individual or the individual's spouse) has attained age 25 but not attained age 65 before the close of the taxable year, and

(III) such individual is not a dependent for whom a deduction is allowable under *section 151 to* another taxpayer for any taxable year beginning in the same calendar year as such taxable year.

28 U.S.C. § 32. The Supreme Court in *Sorenson v. Secretary* discussed the Congressional purpose of the EITC:

The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices. Each is an undeniably important objective. It is impossible, however, for us to say that these goals outweigh the goals served by the subsequently enacted tax-intercept program-securing child support from absent parents whenever possible and re-ducing the number of families on welfare.

475 U.S. 851, 864, 106 S.Ct. 1600, 1608–1609, 89 L.Ed.2d 855 (1986). The Debtor contends that, courts have excluded credits, such as the EITC, from the estate as "public assistance benefits". In support, the Debtor cites to *Flanery v. Mathison,* 289 B.R. 624 (W.D.Ky.2003) (exempt under Kentucky law as being in nature of "public assistance" benefit); *In re Longstreet,* 246 B.R. 611 (Bankr.S.D.Iowa.2000) (exempt under Iowa law that provided for debtor's interest in "any public assistance benefit" was broad enough to apply to Chapter 7 debtors' interest in federal earned income credit); and *In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998) (exempt as public assistance benefits under Illinois law). The Debtor further argues that the EITC is intended to be in the nature of support for low income families, and falls within the scope of the Ohio exemption, i.e. "the person's right to ... child support, an allowance, or other maintenance to the extent reasonably necessary for the support" as used in Ohio Rev.Code § 2329.66(A)(11).

The Debtor's argument is without merit. Firstly, several courts have determined that income tax refunds, including the EITC credit portion, are property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). *See Johnston v. Hazlett (In re Johnston),* 222 B.R. 552 (6th Cir. BAP 1998), *aff'd,* 209 F.3d 611 (6th Cir.2000); *Baer v. Montgomery (In re Montgomery),* 219 B.R. 913 (10th Cir. BAP 1998), *aff'd,* 224 F.3d 1193 (10th Cir.2000); and *In re McCourt,* 217 B.R. 998 (Bankr.S.D.Ohio 1997). Similarly, the court in *In re Montgomery* concluded that EITCs are property of the estate, relying in part on case law which held that Congress amended the Internal Revenue Code to treat EITCs as tax overpayments, which are to be refunded and included in the debtor's estate. *See Id.,* 219 B.R. 913 (10th Cir. BAP 1998).

The Tenth Circuit affirmed that case, stating:

> Given that EICs are to be treated as tax refunds, and that contingent interests are to be included in the bankruptcy estate, we agree with the B.A.P. and the overwhelming weight of authority that a debtor's EIC for a tax year, as pro-rated to the date the bankruptcy petition was filed, is property of the estate regardless of whether the petition was filed prior to the end of the tax year.

224 F.3d 1193, 1195 (10th Cir.2000). *See also Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir.1999) (holding that an EITC available to a debtor at the end of the tax year in which she filed her Chapter 7 bankruptcy petition is included in property of the estate, even though she filed her petition prior to the end of the year);. *In re Demars*, 279 B.R. 548 (Bankr.W.D.Mo.2002); *In re Walker*, 279 B.R. 544 (Bankr.W.D.Mo.2002).

 This Court concurs with the aforementioned decisions, which encompass the majority view, and hold that the subject tax refunds are property of the estate under § 541. Thus, it must be determined whether such credits are exempt pursuant to O.R.C. § 2329.66(A)(11) [2]. That section provides, in relevant part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> \* \* \* \* \* \*
>
> (11) The person's right to receive spousal support, child support, an allowance,

or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents;

Ohio Rev.Code Ann. § 2329.66 (West 2006). This Court previously held generally that, the debtor's earned income credit was property of the estate, did not qualify under Ohio's statutory exemptions, and must be paid over to the Chapter 7 trustee for the benefit of the creditors to the bankruptcy estate. In refusing to deem the tax credit exempt from consideration as property of the estate, the court noted:

> Leaving such payments [earned income credit] subject to the satisfaction of general obligations of the recipient appears to be wholly at odds with Congress' intent in enacting the earned income credit program. However, absent a clear expression by Congress of its intent that such credits be exempt from the reach of creditors or the trustee and with no similar provision exempting the payments, when in the hands of the recipient, from the reach of creditors under applicable Ohio law, the court finds no basis upon which to exempt the payments once in the hands of the recipient. If Debtor either had the funds on hand on the petition filing date or was then entitled to and later received the funds, the Court must conclude the payments were property of Debtor's estate.

*In re Beagle*, 200 B.R., 595, 598 (Bankr. N.D.Ohio 1996). *See also In re Kurilich*, 199 B.R. 161 (Bankr.N.D.Ohio 1996)(debtor required to turn over earned income credit to Chapter 7 trustee).

**2.** The Ohio Revised Code previously contained a provision that exempted "general assistance" benefits, which some courts then interpreted to include the EITC; however, that particular section of the Ohio Revised Code was repealed and replaced with a section entitled "Disability Assistance." *See e.g., In re Murphy*, 99 B.R. 370 (Bankr.S.D.Ohio. 1988) (exempt as "poor relief payment" defined by statute as "general assistance" under Ohio law, later repealed).

Although *Beagle* addressed an exemption claimed under O.R.C. § 2329.66(A)(9)(e), which had been repealed by the legislature at the time of the issuance of the opinion, the rationale behind the decision is applicable herein. The Debtor's argument has been specifically considered and rejected previously by this Court in the unpublished decision captioned *Kandel v. Papai (In re Papai)*, No. 97–60335, 97–6094, 1997 WL 840293 (Bankr.N.D.Ohio.1997).[3] Therein, the court discussed the same exemption claimed by the Debtor, O.R.C. § 2329.66(A)(11), and held that the EITC is "property of the estate which may not be withheld from the grasp of the trustee in bankruptcy." *Id.* The court opined that, "absent an clear express declaration by the Ohio General Assembly that refunds to debtors in bankruptcy which are attributable to the earned income tax credit are exempt." The Court did not conclude that the EITC were funds that qualified as "support" or "maintenance", thereby making the EITC exempt under Ohio law, as the Debtor argues here. *Id.*

It appearing that the applicability of Ohio Rev.Code § 2329.66(A)(11) has been previously considered and denied, this Court concludes that the EITC is nonexempt property of the Chapter 7 bankruptcy estate. Debtor has provided no persuasive support to contradict the weight of authority presented here or to support her public policy argument that the EITC is exempt property. Therefore, for the reasons stated, the EITC is nonexempt estate property subject to turnover to the Trustee for the benefit of the Debtor's estate.

## B. CHILD TAX CREDIT

■ The Debtor also requests that this Court find that the CTC portion of her federal income tax refund, in the amount of $989.00, is exempt pursuant to Ohio Rev.Code § 2329.66(A)(11). The Trustee has also timely objected to this claimed exemption.

Very few reported cases discuss the federal child tax credit. Of the few that do discuss the subject credit, they seem to hold implicitly that the refund attributable to the credit is nonexempt property of the estate. *In re Koch*, 299 B.R. 523 (Bankr. C.D.Ill.2003); *In re Steinmetz*, 261 B.R. 32 (Bankr.D.Idaho 2001); *In re Dever*, 250 B.R. 701 (Bankr.D.Idaho 2000). The bankruptcy court in *In re Beltz* specifically found the child tax credit to be property of a Chapter 13 bankruptcy estate, while referencing an unreported opinion finding it to be property of a Chapter 7 estate, as well. *Id*, 263 B.R. 525 (Bankr.W.D.Ky. 2001).

The court in *Beltz* held that the entire credit was property of the estate, while the court in *In re Schwarz* held that the entire credit was not. The other cases discussing the child tax credit have held implicitly that the credit is property of the estate, as a predicate to a determination of whether the credit was exempt under state law as a form of public assistance. The courts

---

**3.** Generally, in this circuit, unpublished authority is without precedential value except for the purpose of establishing res judicata, estoppel, or the law of the case. *See* Section 28(g) of the Local Rules for the Sixth Circuit. CTA6 Rule 28(g) provides:

Citation of unpublished decisions in briefs and oral arguments in this Court and the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court. . . .

Sixth Circuit Local Rule 28(g).

which have reviewed CTCs seem to distinguish between a "Child Tax Credit" and an "Additional Tax Credit". Some courts conclude that the additional tax credit or the child tax credit is exempt property, while the other is nonexempt property of the estate. *See e.g., In re Koch,* 299 B.R. 523 (Bankr.C.D.Ill.2003) (determining that the Additional Child Tax Credit is exempt under Illinois law, but that the Child Tax Credit is not); *In re Steinmetz,* 261 B.R. 32 (Bankr.D.Idaho 2001) (holding that Additional Child Tax Credit is not exempt under Idaho law); *In re Dever,* 250 B.R. 701 (Bankr.D.Idaho 2000) (holding that Child Tax Credit is not exempt under Idaho law).

The court in *In re Law* went further and distinguished the credits between the refundable portion of the child tax credit, considering it to be nonexempt property of the estate, and the nonrefundable portion considering it as(exempt property of the estate). The court opined:

> The decision here is driven by the Supreme Court's statement in *Sorenson v. Secretary of the Treasury of the United States* that the refundability of the federal earned income tax credit ("EIC") makes it "inseparable from its classification as an overpayment of tax," and the precedent in this jurisdiction that overpayments of tax, *i.e.,* tax refunds (including the EIC) are property of the estate. The Court recognizes that there are differences in underlying policy and mechanics between the EIC and the child tax credit, but the Court finds the Supreme Court's emphasis on refundability to be dispositive on this issue.

*See In re Law* 336 B.R. 144, 147 (Bankr. W.D.Mo.2005). The statutory language of the CTC under the Internal Revenue Code itself indicates that CTCs actually are partially refundable, as reflected by the aforementioned decisions. *See* 26 U.S.C. § 24(d). In other words, the CTC has refundable and nonrefundable components. The nonrefundable portion is simply a reduction against the amount of tax liability, the refundable portion is a tax overpayment, which is nonexempt estate property. *See In re Schwarz* 314 B.R. 433, 434–435 (Bankr.D.Neb.2004).

In this case, neither party has provided the Court with a copy of the subject tax return. The subject tax return requires review to determine whether the Debtor has a refundable tax credit, which would be subject to turnover. Accordingly, the Trustee's motion is granted relative to the EITC, and Debtor's objection thereto is overruled. The motion, relative to the CTC is sustained, in part, to the extent that the CTC is property of the Debtor's estate. The Court must review the Debtor's tax return for a determination as to whether the claimed CTC is exempt or nonexempt property of the estate. The Debtor is ordered to submit a signed copy of the subject tax return within five days of the entry of this Order for further consideration. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Trustee's motion for turnover is granted relative to the Earned Income Tax Credit, and Debtor's objection thereto is overruled. The motion, relative to the Child Tax Credit (CTC) is sustained, in part, to the extent that the CTC is property of the Debtor's estate. The Court must review the Debtor's tax return for a determination as to whether the claimed CTC is exempt or nonexempt property of the es-

tate. The Debtor is ordered to submit a signed copy of the subject tax return within five days of the entry of this Order for further consideration. Each party is to bear its respective costs.

IT IS SO ORDERED.