In re Steven J. **MATTHEWS** and
Tina A. Matthews, Debtor.

No. 8:04–bk–24146–PMG.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 28, 2007.

Benjamin G. Martin, Law Offices of Benjamin Martin, Sarasota, FL, for Debtor.

**ORDER ON DEBTORS' MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL TURNOVER OF 2004 INCOME TAX REFUND**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Recon-

sideration of Order on Motion to Compel Turnover of 2004 Income Tax Refund filed by the Debtors, Steven J. Matthews and Tina A. Matthews.

The issue in this case is whether a tax refund based on the Child Tax Credit is property of the bankruptcy estate under § 541 of the Bankruptcy Code.

## Background

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on December 16, 2004.

The Debtors disclosed on their schedules that they were married at the time that the petition was filed, and that they had three children. The children were 11, 14, and 17 years old. As of the petition date, Mr. Matthews was employed as a service manager at a business known as Owen Motors, and Mrs. Matthews was a housewife. (Doc. 1, Schedule I).

The Debtors subsequently filed their Form 1040 Federal Income Tax Return for the 2004 tax year. According to the Tax Return, the Debtors received total, combined income in the amount of $31,024.00, and adjusted gross income in the amount of $29,592.00, in 2004. (Federal Return Recap).

The Debtors furnished a copy of their 2004 Tax Return to the Chapter 7 Trustee.

The parties stipulated that the Debtors received a refund in the total sum of $4,394.00 based upon the 2004 Tax Return. Of the total refund, the parties further stipulated that $1,662.00 was attributed to a Child Tax Credit. (Transcript, p. 4).

In June of 2005, the Debtors paid the Chapter 7 Trustee the sum of $1,135.72, which was intended to represent the portion of their 2004 tax refund that belonged to the Chapter 7 estate. (Doc. 17; Transcript, p. 4).

The amount paid to the Trustee was computed by subtracting the total amount of the Child Tax Credit from the total refund, and then determining other apportionments and credits by agreement. (Transcript, p. 5). The Debtors initially subtracted the Child Tax Credit from the total refund on the theory that the Child Tax Credit did not constitute property of their bankruptcy estate.

The Chapter 7 Trustee contends, on the other hand, that a portion of the Child Tax Credit is property of the estate pursuant to § 541 of the Bankruptcy Code, and that the Debtors are therefore required to pay the Trustee the additional sum of $1,595.52, representing the pre-petition portion (96%) of the Credit. (Transcript, p. 6).

Consequently, the Trustee filed a Motion to Compel Turnover of 2004 Income Tax Refund. (Doc. 14). In the Motion, the Trustee acknowledged the receipt of the agreed amount ($1,135.72) from the Debtors, but requested the entry of an Order directing the Debtors to turn over the "remaining non-exempt pre-petition portion of the 2004 tax refund."

The Court subsequently entered an Order granting the Motion to Compel Turnover (Doc. 15), and the Debtors filed the Motion for Reconsideration that is presently before the Court. (Doc. 17).

## Discussion

■ Rule 9023 provides that Rule 59 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code. Fed.R.Bank.P. 9023. The purpose of a motion filed under Rule 59 is to present newly discovered evidence or to correct manifest errors of law or fact in the Court's prior order. *Hill v. Tammac Corporation*, 2006 WL 529044, at *2 (M.D.Pa. Mar. 3, 2006). In this case, the Court must determine if there has been an error of law.

Accordingly, the issue before the Court is whether a portion of the Debtors' tax refund that is attributable to the Child Tax Credit is property of their Chapter 7 estate.

 "Property of the estate" is defined in § 541 of the Bankruptcy Code as follows:

**11 USC § 541. Property of the estate**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1). "Thus, the scope of § 541 is broad: that section brings into the estate all of the debtor's legal and equitable interests 'wherever located and by whomever held.'" *In re Burgess*, 438 F.3d 493, 496 (5th Cir.2006). It is well-established, for example, that "property of the estate" includes causes of action that exist at the time that the petition is filed. *In re Alvarez*, 224 F.3d 1273, 1278 n. 12 (11th Cir.2000). Further, an interest of the debtor may constitute property of the estate under § 541 even if it is contingent or dependent on future events. *In re Bracewell*, 454 F.3d 1234 (11th Cir.2006); *In re Allen*, 226 B.R. 857, 862–866 (Bankr. N.D.Ill.1998).

In this case, the Debtors received a refund from the Internal Revenue Service for the 2004 tax year. The interest at issue is the portion of the refund that was based on a Child Tax Credit claimed by the Debtors.

The allowance of a Child Tax Credit is governed by § 24 of the Internal Revenue Code. Subsection (a) of § 24 provides:

**SUBTITLE A—INCOME TAXES**

. . .

**PART IV—CREDITS AGAINST TAX SUBPART A—NONREFUNDABLE PERSONAL CREDITS**

**§ 24. Child Tax Credit**

(a) Allowance of credit.—There shall be allowed as a credit against the tax imposed by this chapter for the taxable year with respect to each qualifying child of the taxpayer an amount equal to $ 1,000.

26 U.S.C. § 24(a). Generally, a "qualifying child" is "an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B)" *Manzueta v. Commissioner of Internal Revenue*, 2005 WL 3498062 (U.S.Tax Ct. Dec. 21, 2005); 26 U.S.C. § 24(c)(1).

 According to the statute, however, the Child Tax Credit has both "refundable and nonrefundable components. The nonrefundable portion is simply a reduction against the amount of tax liability." *In re Parker*, 352 B.R. 447 (Bankr.N.D.Ohio 2006). Additionally, "Congress provided an additional tax break to working parents by allowing a portion of this otherwise nonrefundable CTC to be treated as a refundable credit." *In re Donnell*, 357 B.R. 386, 401–02 (Bankr.W.D.Tex.2006).

 Subsection (d) of § 24 relates to the portion of the child tax credit that may be refundable. The subsection provides in part:

**§ 24. Child tax credit**

. . .

(d) Portion of credit refundable.—

(1) In general.—The aggregate credits allowed to a taxpayer under subpart C shall be increased by the lesser of—

(A) the credit which would be allowed under this section without regard to this subsection and the limitation under section 26(a)(2) or subsection (b)(3), as the case may be, or

(B) the amount by which the aggregate amount of credits allowed by this subpart (determined without regard to this subsection) would increase if the limitation imposed by section 26(a)(2) or subsection (b)(3), as the case may be, were increased by the excess (if any) of—

(i) 15 percent of so much of the taxpayer's earned income (within the meaning of section 32) which is taken into account in computing taxable income for the taxable year as exceeds $10,000, or

(ii) in the case of a taxpayer with 3 or more qualifying children, the excess (if any) of—

(I) the taxpayer's social security taxes for the taxable year, over

(II) the credit allowed under section [ ] for the taxable year.

26 U.S.C. § 24(d). In other words, "[i]f the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an additional child tax credit under section 24(d)(1)." *Gibson v. Commissioner of Internal Revenue*, 2006 WL 2602052 (U.S.Tax Ct. Sept. 11, 2006). The additional or refundable child tax credit is allowed in an amount that is the lesser of the remaining child tax credit available or a percentage of the amount by which the taxpayer's earned income exceeds a certain sum. See *Manzueta v. Commissioner of Internal Revenue*, 2005 WL 3498062 (U.S.Tax Ct. Dec. 21, 2005); 26 U.S.C. § 24(d)(1)(A),(B).

■ In this case, the Debtors filed their Chapter 7 bankruptcy petition on December 16, 2004, and subsequently received a refund under § 24(d) of the Internal Revenue Code for the 2004 tax year. Of the refund, the amount of $1,662.00 was attributable to the Child Tax Credit.

As set forth above, under § 541 of the Bankruptcy Code, property of the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. The issue, therefore, is whether the Debtors had a legal or equitable interest in the refundable portion of the Child Tax Credit as of the date that they filed their petition under Chapter 7.

The Bankruptcy Court in *In re Donnell*, 357 B.R. 386, (Bankr.W.D.Tex.2006) recently entered an order with an extensive and instructive discussion of this issue. Included in its evaluation is the following:

The plain language of section 541, and the Fifth Circuit's directive in *Burgess* to attend closely to that plain language requires a court to instead examine the nature of a debtor's legal and equitable entitlements under the Internal Revenue Code with regard to additional CTC. To possess an interest on the petition date, a taxpayer would have to meet the requirements of section 24 of the Internal Revenue Code, including the requirements in section 24(d) for the additional (refundable) CTC. 26 U.S.C. § 24. In other words, *for any of the tax refund attributable to the additional CTC to be property of the estate, the evidence must show that, as of the petition date, the statutory requirements for the additional CTC have been met. This means, on our facts, the evidence would have to show that [the debtor] had a Qualifying child on the petition date and that she*

*had enough earned income on the petition date to qualify for the additional CTC.*

*In re Donnell,* at 403–04 (Emphasis supplied). In *Donnell,* the Court ultimately found that the debtor did not have an interest in the refund as of the petition date, because she had no prepetition earned income. *Id.* at 403–04.

Under the reasoning of *Donnell,* therefore, if a debtor has a qualifying child and sufficient earned income on the petition date, the debtor has a legal or equitable interest in the refundable portion of a Child Tax Credit because the statutory requirements for the claim have been satisfied. Consequently, a portion of the refund is property of the estate under § 541(a) of the Bankruptcy Code, even if the interest is dependent on the subsequent filing of the tax return.

This conclusion is consistent with several decisions recently reached by other Courts on the issue of whether Child Tax Credits constitute property of the estate. See *In re Law,* 336 B.R. 780, 783 (8th Cir.BAP 2006)(A Child Tax Credit was a contingent interest on the petition date, and therefore became property of the estate.); *In re Griffin,* 339 B.R. 900, 902 (Bankr.E.D.Ky.2006)(The Child Tax Credit was sufficiently tied to the debtor's prepetition earnings to constitute property of the estate, even though it was contingent when the petition was filed); *In re Minton,* 348 B.R. 467, 475 (Bankr.S.D.Ohio 2006)(A Child Tax Credit for a year that began prior to the bankruptcy petition is a legal or equitable interest in property, even though it is not "finalized" until the filing of the tax return.); and *In re Parker,* 352 B.R. 447 (Bankr.N.D.Ohio 2006)(The debtor's Child Tax Credit was property of the estate.).

The Debtors, however, rely primarily on the decision in *In re Schwarz,* 314 B.R. 433 (Bankr.D.Neb.2004) to support their contention that the portion of their refund based on the Child Tax Credit is not property of the estate. In *Schwarz,* the Court contrasted the treatment of Earned Income Credits and Child Tax Credits under the Internal Revenue Code. According to the Court, the most important distinction is that an Earned Income Credit "may be apportioned throughout the year," whereas "the child tax credit is allowed only against a taxpayer's total tax liability, which cannot be calculated until the end of the tax year." *In re Schwarz,* 314 B.R. at 435. Consequently, the Court found that the Child Tax Credit was not property of the estate since it was "acquired" at the end of the tax year, after the filing of the bankruptcy petition. *Id.*

■ As indicated by *Donnell* and the other post-*Schwarz* decisions, however, it appears that the appropriate inquiry is whether the statutory requirements for entitlement to the refund had occurred as of the petition date. If the entitlement to the claim is established as of the petition date, the claim is property of the estate even if the value of the refund cannot be calculated until after the filing of the petition. See *In re Sherman,* 322 B.R. 889, 893 (Bankr.N.D.Fla.2004). Tax claims are property of the bankruptcy estate if the predicates for receiving the refunds occurred pre-petition, even if the claims cannot be asserted until the tax year closes. *Segal v. Rochelle,* 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)(cited in *In re Witko,* 374 F.3d 1040, 1043 (11th Cir. 2004)).

In this case, the parties agree that amounts for taxes were withheld from the Debtor's wages throughout the entire 2004 year and that the statutory requirements entitling the Debtors to the Child Tax Credit existed throughout the year. Accordingly, a pro-rata method of determin-

ing the estate's interest in the Child Tax Credit is appropriate. See *Donnell,* at 393–97. Therefore, 96% of the refund based on the Child Tax Credit is attributable to the pre-petition year.

## Conclusion

In this case, the parties do not appear to dispute the Debtors' entitlement to the portion of the refund based on the Child Tax Credit. In other words, there is no factual dispute regarding the existence of the Debtors' "qualifying children" or earned income under the statute. On the contrary, the only issue in this case is the legal question of whether a portion of the refund attributed to the Debtors' Child Tax Credit is property of the estate. Since the Debtors had satisfied the statutory requirements for entitlement to the refund as of the petition date, the Court finds that the Debtors had a legal or equitable interest in the refund within the meaning of § 541 of the Bankruptcy Code. Accordingly, the portion of the refund attributable to the pre-petition period (96% of 1662.00 = $1,595.52) is property of the Chapter 7 estate.

Therefore, there is no error of law in the Court's Order granting the Trustee's Motion to Compel Turnover, and the Debtors' Motion for Reconsideration should be denied.

Accordingly:

**IT IS ORDERED** that the Motion for Reconsideration of Order on Motion to Compel Turnover of 2004 Income Tax Refund filed by the Debtors, Steven J. Matthews and Tina A. Matthews, is denied.